IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN CLARKE ET AL | § | |
| | § | |
| Individually and on behalf of | § | |
| other similarly situated | § | |
| individuals, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO. 3:16-cv-03334-S |
| | § | |
| | § | |
| TEXMASTERS EXPRESS INC. DBA | § | |
| TEXMASTERS EXPRESS MEDICAL | § | |
| COURIERS, STEPHEN C. MOORE, | § | |
| JASON E. MOORE, MARION MOORE | § | |
| DANIEL G. WEISSMANN | § | |
| | § | |
| Defendants, | § | |

JOINT MOTION FOR COURT APPROVAL OF
SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiffs, individually and on behalf of all other individuals who have filed consents to join in this action, and Defendants Texmasters Express, Inc. dba Texmasters Express Medical Couriers, Inc., Stephen C. Moore, Jason E. Moore and Marion E. Moore ("Defendants") (herein collectively referred to as the "Parties") file this their Joint Motion for Court Approval of Settlement and Dismissal with Prejudice in connection with Plaintiff's minimum wage and overtime compensation claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and in support show the Court the following:

1.   On February 11, 2019, named Plaintiffs and their counsel and Defendants Texmasters Express, Inc. dba Texmasters Express Medical Couriers, Inc., Stephen C. Moore,

Jason E. Moore, and Marion E. Moore and their counsel ("Defendants") (collectively the "Parties") participated in mediation before Cecilia H. Morgan. At the mediation, the Parties reached a settlement and executed the Memorandum Settlement Agreement, a copy of which is attached. The Settlement Agreement provides for the payment of $60,000 by Defendants over a period of 60 months, with Defendant Texmaster Express, Inc. dba Texmaster Express Medical Couriers to secure the payment obligations of both the corporate and the three individual Defendants with a $80,000 judgment subject to entry upon any uncured default in payment of any installment of the $60,000. Upon any alleged default of payment, Plaintiffs will provide written notice to Defendant advising of the default. Defendants will have ten (10) days from the receipt of notice of default to cure the default. If no cure is made in the allowed time period, notice of default may be made to the Court and a judgment against Texmaster Express, Inc. dba Texmaster Express Medical Couriers in the amount of $80,000.00 may be taken. Upon execution of the Settlement Agreement, Plaintiffs agree to to the voluntary dismissal with prejudice of all claims the subject of this action.

2. Prior to engaging in settlement discussions, Plaintiffs and Defendants independently and thoroughly investigated the claims and defenses at issue both formally and informally. The Parties conducted an analysis of both potential liability and damages issues. Further, Defendants provided information as to their limited income and assets which allowed Plaintiffs' counsel to reach reasonable conclusions about their judgmentworthiness. These pre-mediation efforts provided the Parties with insight as to the potential liability of Defendants, the potential range of recovery at issue and the potential collectability of any judgment. Each party's participation in pre-mediation discovery and analysis, coupled with counsel's familiarity

with the facts and the law, allowed the Parties to intelligently, and in good faith, weigh both the the risks and benefits of continued litigation at mediation and to reach agreement at mediation.

    3.    Because the records maintained by Defendants for each of Plaintiffs does not permit calculation of the alleged minimum wage and overtime compensation claimed to be due by Plaintiffs with any accuracy, the proposed distribution of the Settlement Payment beyond the amounts payable for attorney's fees and expenses is to be based upon the length of employment of Plaintiffs. Subject to final determination of amounts due upon approval of this motion and the award made of attorney's fees and expenses sought by it, it is proposed that employees with a year or more of service receive $500, those with six months to a year of service receive an amount between $250 and $400, those with three to six months of service receive an amount between $150 and $250, those with one to three months of service receive an amount between $100 and $150 and those with one month or less of service receive an amount between $51 and $100. Further, in recognition of their service, the Parties have designated service awards of $1,000 to named Plaintiff Christian Clarke and $500 each to named Plaintiffs Aisha Kehinde, Jessica White, Jacob Vasquez and Benny Burnham. The proposed service awards are fair and reasonable. *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040 (S.D. Tex. 2012))(stating that courts commonly permit payment to class representatives above the amounts received by class members generally). "When determining [service] awards, courts may consider a variety of factors, including risks to class representatives in commencing the suit, personal difficulty encountered by class representatives, the amount of time and effort spent by class representatives, and the personal benefit enjoyed by representatives as a result of the litigation." *Tarlecki v. Bebe Stores, Inc.*, C 05-1777 MHP, 2009 U.S. Dist. LEXIS 102531 (N.D. Cal. Nov. 3,

2009); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995); *Silva v. Tegrity Pers. Servs., et al.*, No. 4:13-cv-00860, 986 F. Supp. 2d 826 (S.D. Tex. 2013).

  4. This Court should approve the Settlement Agreement. District courts such as this Court may approve settlements in collective action cases when the terms are "fair, reasonable, and adequate." *Parker v. Anderson*, 667 F. 2d 1204, 1208-09 (5th Cir.), *cert. denied*, 459 U.S. 828, 103 S.Ct. 63, 74 L. Ed.2d 65 (1982); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Quintanilla v. A & R Demolition, Inc.,* No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *6-7 (S.D. Tex. May 7, 2008). In making this determination, courts are to consider the following six factors: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker*, 667 F.2d at 1209; *City of Detroit v. Grinnell, Co.*, 495 F.2d 448 (2nd Cir. 1974) (same). Federal courts routinely approve similar settlements reached in FLSA collective actions. *See*, *e.g.*, *Beckman v. Keybank, N.A.*, 293 F.R.D. 467 (S.D.N.Y. 2013); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172 (W.D.N.Y. 201); *Mallin v. Nat'l City Mortg. Inc.*, No. 05-1499-SC, 2007 U.S. Dist. LEXIS 87213 (N.D. Cal. Nov. 27, 2007). Unlike settlements under Fed. R. Civ. P. 23, FLSA settlements are not subject to a two-stage process of preliminary approval followed by final approval, and no final fairness hearing is required. *Hatter v. OB Enters., LLC*, No. 2:13-CV-1076-TMP, 2014 U.S. Dist. LEXIS 111969, at *1-2 (N.D. Ala. Aug.

13, 2014); *Moore v. Ackerman Inv. Co.*, No. C 07-3058-MWB, 2009 U.S. Dist. LEXIS 78725, at *6 (N.D. Iowa Sept. 1, 2009). However, Court approval of this collective action settlement remains necessary to effectuate a valid and enforceable release) of FLSA claims. *See*, *e.g.*, *Bernstein v. Target Stores, Inc.*, No. 13-cv-01018 NC, 2013 U.S. Dist. LEXIS 154464, at *1 (N.D. Cal. Oct. 28, 2013); *Aros v. United Rentals, Inc.*, No. 3:10-cv-73 (JCH), 2012 U.S. Dist. LEXIS 104429, at *6 (D. Conn. July 26, 2012).

5. The amount of attorney's fees and expenses specified in the Settlement Agreement is equal to 33 1/3 % of the total Settlement Payments plus expenses of Plaintiffs' attorneys of $8,777.67. Robert E. Goodman, Jr. and Gennaro Duterroil have together devoted approximately 80 hours to rendering legal services in this action, such that the attorney's fees represent an hourly fee of $250, substantially less than the hourly fees of such attorneys in hourly matters based on their respective 38 and 16 years of legal experience. Also, of $15,430.67 in actual total expenses, Plaintiffs' counsel are seeking recovery of only $11,249.12. Affidavits of Robert E. Goodman, Jr. and Gennaro Duterroil in support of such attorney's fees, and documenting their expenses, are attached. Each of the named Plaintiffs represented by counsel signed a 40% contingency fee contract with Plaintiffs' attorneys. This consideration also makes reasonable the proposed fee of 33 1/3 %. The Fifth Circuit has acknowledged as much by favorably citing a district court opinion that "the customary contingency is likely to have been more like 35 to 40 percent." *Vela v. City of Houston*, 276 F.3d 659 (5th Cir. 2001). Plaintiffs accordingly pray for an award of attorney's fees of $20,000 and expenses of $11,249.12

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Defendants pray that the Settlement Agreement be approved.

Respectfully submitted,

/s/Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
Kilgore & Kilgore PLLC
3019 Carlisle Street
Dallas, Texas 75204
(214) 379-0831
(214) 379-0840 (telecopy)

/s/Gennaro Duterroil
Gennaro Duterroil
State Bar No. 24068093
18756 Stone Oak Pkwy., Suite 200
San Antonio, TX 78258-4001
(210) 948-5645
(210) 495-4670 (telecopy)

COUNSEL FOR PLAINTIFFS

/s/Laura Docker James
Laura Docker James
State Bar No. 2405562
Bracket & Ellis
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
(817) 338-1700
(817) 870-2265 (telecopy)

COUNSEL FOR DEFENDANTS

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 24th day of April 2019.

/s/Robert E. Goodman Jr.
Robert E. Goodman Jr.